UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JOSE ANTONIO JOYA, ADONAY PINEDA
ALCANTARA, and ANGEL RAMIREZ,

                       Plaintiffs,

              - against -

TUTTO FRESCA ITALIAN FOOD LLC,
EMILIO BRANCHINELLI, and DANIEL
ZUCCO,

                       Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**
2:18-CV-1299 (PKC) (GRB)

PAMELA K. CHEN, United States District Judge:

Plaintiffs have moved to amend their complaint in this action to add allegations and claims under the Fair Labor Standards Act ("FLSA") relating to: (1) two new named plaintiffs, Nelson Trigueros ("Trigueros") and Alex Mejia ("Mejia"), and (2) one new defendant, Old World Italian Food Corp. ("Old World Italian"). (Motion to Amend, Dkt. 16.) Defendants Tutto Fresca Italian Food LLC ("Tutto Fresca"), Emilio Branchinelli, and Daniel Zucco do not oppose the addition of Trigueros and Mejia as plaintiffs, but oppose the addition of Old World Italian as a defendant. (Defs.' Mem. in Opp. to Pls.' Mot. to Amend ("Defs.' Br."), Dkt. 17.) For the reasons discussed below, the Court grants Plaintiffs' motion to amend in its entirety, provided that Plaintiffs incorporate into the amended complaint the allegations set forth in the affidavit of new Plaintiff Trigueros, which was submitted in support of Plaintiffs' motion. (*See* Trigueros Affidavit, Dkt. 16-2.)

**DISCUSSION**

Defendants argue that Plaintiffs' request to add Old World Italian as a defendant should be denied as futile. (Defs.' Br., Dkt 17, at 2.) First, they argue that Trigueros' April–June 2016

claims against Old World Italian are time-barred under the FLSA's two-year statute of limitations and that the three-year statute of limitations does not apply here because "there is no credible allegation that the underlying violations were 'willful.'" (*Id.*) *See Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 366 (2d Cir. 2011) ("The statute of limitations for an FLSA claim is two years, unless the violation is 'willful,' in which case it is three years.") (citing 29 U.S.C. § 255(a)). Second, Defendants contend that the FLSA claims against Old World Italian do not relate back to the filing of the original complaint (which would make them timely) because Defendant Tutto Fresca Italian Food LLC and Old World Italian are "distinct" entities and not part of a "single enterprise." (Defs.' Br., Dkt. 17, at 2.) According to Defendants, the two entities run different restaurants—*i.e.*, Passione (Tutto Fresca) and Emilio's (Old World Italian)—that "exist on different physical premises, employ different payroll companies, operate under different management, and utilize different timekeeping systems." (*Id.*) Lastly, Defendants contend that they would be "substantially prejudiced" by the addition of Old World Italian because of the "significant costs and delay associated with conducting discovery" into this entity. (*Id.*)

In support of their motion to amend, Plaintiffs have submitted both a proposed amended complaint and an affidavit of putative plaintiff Trigueros. Trigueros states that he was employed simultaneously by Tutto Fresca and Old World Italian between June 2015 and June 2016, and that, from April to June 2016, he regularly worked at both restaurants during the course of the same work week. (Trigueros Affidavit, Dkt. 16-2, ¶¶ 2–3.) He further explains that (1) he worked at Passione and Emilio's on different days of the week; (2) that Defendant Emilio Brachinelli instructed him to work at both restaurants; and (3) that during the weeks when he worked at both restaurants, he received a single paycheck. (*Id.* ¶¶ 4–7.) The proposed amended complaint also alleges, *inter alia*, that Brachinelli is the owner and operator of both Tutto Fresca and Old World

Italian and has power over personnel, payroll, as well as hiring and firing decisions at both businesses.  (Amended Complaint ("Am. Compl."), Dkt. 16-1, ¶¶ 15, 19–21, 31, 35–37.)

## I.      Legal Standards

### A.  Relation-Back

"'[Federal Rule of Civil Procedure] 15(c)(1)(C) provides the federal standard for relation back' when an amendment to the pleadings adds a party to an action." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013).  For an amended complaint that adds a new party to relate back under Rule 15(c)(1)(C),

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and (4) the second and third criteria are fulfilled within 90 days of the filing of the original complaint, and the original complaint was filed within the limitations period.

*Joseph v. Bute*, No. 16-CV-2004 (PKC) (LB), 2019 WL 181302, at *4 (E.D.N.Y. Jan. 9, 2019) (quoting *Hogan*, 738 F.3d at 517) (brackets and ellipsis omitted).

### B.  Willfulness

To state a claim for a willful violation of the FLSA, "the complaint must allege more than an ordinary violation." *Sikiotis v. Vitesse Worldwide Chaufeeured Servs., Inc.*, 147 F. Supp. 3d 39, 47 (D. Conn. 2015).  "An employer willfully violates the FLSA when it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (quotation omitted).  Notably, "[w]hether or not a violation of the FLSA is willful is a fact-intensive inquiry not appropriately resolved on a motion to dismiss." *Goodman v. Port Auth. of N.Y. & N.J.*, 850 F. Supp. 2d 363, 381 (S.D.N.Y. 2012) (quotation omitted).  Hence, "[c]ourts considering this question on motions

to dismiss tend to favor findings of willfulness." *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 191 (S.D.N.Y. 2015); *see id.* (collecting cases liberally construing allegations of willful violations of the FLSA at the motion to dismiss and conditional certification stages). "To this end, plaintiffs may allege willfulness in general terms and nonetheless meet their burden of demonstrating a willful violation of the FLSA in order to avail themselves of the three-year statute of limitations." *Id.* at 192.

## II.    Analysis

Even assuming *arguendo* that Plaintiffs' new claims as to Old World Italian do not relate back to the original complaint,[1] the Court nevertheless determines that those claims are not time-

---

[1] The Court finds that the allegations in the proposed amended complaint, in combination with those in Trigueros' affidavit, are sufficient to create the reasonable inference that Tutto Fresca and Old World Italian belong to a single enterprise and have an identity of interests, so as to satisfy the second element of relation-back under Rule 15. *See Hahn v. Office & Prof'l Emps. Int'l Union, AFL-CIO*, 107 F. Supp. 3d 379, 384 (S.D.N.Y. 2015) (holding that the second element of relation-back is satisfied where two entities are so "closely related in their business activities or linked in their corporate structure" that they have an "identity of interest"); *In re Allbrand Appliance & Television Co., Inc.*, 875 F.2d 1021, 1025 (2d Cir. 1989) (where defendants are so closely related as to have an identity of interest, "institution of an action against one party will constitute imputed notice" to the other party); *Teri v. Spinelli*, 980 F. Supp. 2d 366, 372 n.12 (E.D.N.Y. 2013) ("In determining whether multiple defendants constitute a single employer, courts have, in certain contexts, considered the following factors: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control.").

Here, Plaintiffs allege that between April and June 2016, Trigueros worked at both entities' restaurants, Passione and Emilio's, at the direction of Branchinelli, the owner of both businesses, and that Trigueros received a single paycheck for this combined work. Though Defendants allege facts to support their claim that the two entities are "distinct" (Defs.' Br., Dkt. 17, at 2), the Court cannot consider Defendants' contrary allegations and therefore focuses only on whether the facts alleged in the proposed amended complaint, accepted as true, are sufficient from which to infer that Tutto Fresca and Old World Italian are part of a single enterprise. At this stage, they are. However, the propriety of relating back Trigueros' claims against Old World Italian is undermined by the fact that Trigueros—the only Plaintiff to have allegedly worked for Old World Italian— was not named in the original complaint. It would thus be difficult to find that Old World Italian, even if closely linked with Tutto Fresca, "should have known that, *but for a mistake of identity*, the original action would have been brought against it," *Hogan*, 738 F.3d at 517 (emphasis in original), especially given the brief duration of Trigueros' employment at Emilio's. Furthermore,

barred. Plaintiffs have sufficiently alleged willful violations by Defendants so as to trigger the three-year statute of limitations under the FLSA, thereby rendering Trigueros' claims against Old World Italian for conduct occurring between April and June 2016 timely. With respect to willfulness, the proposed amended complaint alleges that the five named Plaintiffs all worked between 50 to 78 hours per week for years at Defendants' restaurant Passione and were never paid overtime wages (Am. Compl., Dkt. 16-1, ¶¶ 42–79), that Defendants "willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the [New York Labor Law ("NYLL")], and the FLSA" (*id*. ¶ 78), and that "Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA" (*id*. ¶ 79). While these allegations are not particularly detailed or concrete, they are sufficient to survive a motion to dismiss. *Chime*, 137 F. Supp. 3d at 192 ("[P]laintiffs may allege willfulness in general terms and nonetheless meet their burden of demonstrating a willful violation of the FLSA in order to avail themselves of the three-year statute of limitations.") Thus, Trigueros' claims against Old World Italian are timely filed within the FLSA's three-year statute of limitations and the proposed amendment to add these claims is not futile.

Finally, the Court does not find that the addition of these claims results in unfair or undue prejudice to Defendants. At the time Plaintiffs filed their motion to amend in October 2018, discovery had not yet concluded. In fact, Defendants requested that the December 2018 discovery deadline be suspended *sine die* pending the resolution of this motion. (Dkt. 19.) With the motion now resolved, the parties can propose a new discovery schedule to permit additional discovery to

---

the second and third criteria of the relation-back test were not "fulfilled within 90 days of the filing of the original complaint." *Joseph*, 2019 WL 181302, at *4.

be taken on Trigueros' claims and the relationship between Tutto Fresco and Old World Italian.

## CONCLUSION

For the reasons stated above, the Court grants Plaintiffs' motion to amend the complaint to add Plaintiffs Trigueros and Mejia and Defendant Old World Italian. However, Plaintiffs' amended complaint must incorporate the allegations set forth in Trigueros' affidavit. This amended complaint must be filed by August 9, 2019. Finally, the parties shall confer regarding any additional discovery necessitated by this ruling and will jointly propose, by August 23, 2019 to the Honorable Gary R. Brown, the presiding Magistrate Judge, a deadline for completing any additional discovery.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 22, 2019
         Brooklyn, New York